IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RALPH STOUT PETTEFER,

        Petitioner,

   v.

MARK NOOTH,

        Respondent.

Civil No. 07-1287-MO

OPINION AND ORDER

    Tonia L. Moro
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Jonathan W. Diehl
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state convictions and sentence. For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) is dismissed.

## BACKGROUND

Following a court trial in Clatsop County in 1996, petitioner was convicted of Kidnaping in the First Degree, Rape in the First Degree, and three counts of Sodomy in the First Degree which resulted in consecutive prison sentences totaling 480 months. Respondent's Exhibit 101. Petitioner took a direct appeal, but the Oregon Court of Appeal affirmed the trial court without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Pettefer*, 171 Or.App. 334, 14 P.3d 101 (2000), *rev. denied*, 332 Or. 326, 28 P.3d 1177 (2001).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief. Respondent's Exhibit 118. The Oregon Court of Appeals affirmed the PCR trial court without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 122, 124.

Petitioner filed this federal habeas corpus action on August 27, 2007. The parties agree that petitioner failed to file his Petition for Writ of Habeas Corpus within the one-year statute of limitations contained within the Anti-Terrorism and Effective Death

2 - OPINION AND ORDER

Penalty Act ("AEDPA"). Petitioner, however, argues that: (1) he is entitled to equitable tolling from July 4, 2002 until May 20, 2003 based on his prison's alleged failure to mail his first PCR Petition to the Malheur County Circuit Court; and (2) the one-year statute of limitations did not begin to run on his sentencing claim until the United Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004) on June 24, 2004.

## DISCUSSION

AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

- (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

In this case, the Oregon Court of Appeals issued its Judgment on September 11, 2001 following the conclusion of petitioner's state direct review. Respondent's Exhibit 108. AEDPA's statute of

3 - OPINION AND ORDER

limitations did not begin to run on that date, however, because the period of direct review also includes the 90-day period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court, whether or not he actually files such a petition.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Petitioner did not file for certiorari, and AEDPA's statute of limitations began to run on December 10, 2001.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Petitioner asserts that he attempted to file a completed PCR Petition on July 4, 2002, but prison authorities failed to mail it for him.  He claims that he did not become aware of the prison's failure until May of 2003 when it became clear from his correspondence with the PCR trial court that it had never received his July 4 PCR Petition.  As a result, on May 20, 2003, petitioner filled out a second PCR Petition and delivered it to prison authorities for mailing.

Petitioner argues that he is entitled to equitable tolling between July 4, 2002 and May 20, 2003 based on the prison's failure to properly mail his completed 2002 Petition.  But even assuming petitioner is entitled to equitable tolling during the period in question, he still does not satisfy AEDPA's statute of limitations

4 - OPINION AND ORDER

because he allowed a total of 563 untolled days to elapse between the conclusion of his direct appeal and the initiation of his PCR action.

Recognizing this fact, petitioner also argues that, for purposes of his *Blakely* claim, AEDPA's statute of limitations did not begin to run until the Supreme Court decided *Blakely* because that decision constitutes a new constitutional right which has been made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). However, the U.S. Supreme Court has never concluded that the rule in *Blakely* applies retroactively to cases on collateral review. In addition, the Ninth Circuit has expressly concluded that the Supreme Court's *Blakely* decision did not amount to a watershed rule of criminal procedure, and therefore does not apply retroactively to a conviction that was final before that decision was announced. *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005); *see also United States v. Price*, 400 F.3d 844, 849-49 (10th Cir. 2005). As a result, the Petition for Writ of Habeas Corpus is dismissed on the basis that it is untimely.

## CONCLUSION

The Petition for Writ of Habeas Corpus (#1) is DISMISSED on the basis that petitioner failed to timely file it.

IT IS SO ORDERED.

DATED this   8   day of April, 2009.

/s/Michael W. Mosman

5 - OPINION AND ORDER

                                 Michael W. Mosman
                                 United States District Judge

6 - OPINION AND ORDER